IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00341-CNS-CYC

KHED A. TURLEY,

      Plaintiff,

v.

WARDEN, STERLING CORRECTIONAL FACILITY, in their official and individual
capacities,
JEFF LONG, former warden, in his official and individual capacities;
TRISHA NICOLE KAUTZ, PA-C, in her official and individual capacities;
BANNER HEALTH;
DENVER COMMUNITY CORRECTIONS BOARD; and
GREG MAURO, Director, DCCB, in his official capacity,

      Defendants.

---

## ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge.**

This matter is before the Court on the plaintiff's Motion for Appointment of Counsel,

ECF No. 26, (the "Motion"). Oral argument will not materially assist in the resolution of this

matter, and the Motion is appropriately considered even without a response from the defendants.

*See* D.C.COLO.LCivR 7.1(d). To be sure, pro bono counsel would aid the plaintiff, as it would

in many pro se cases. Unfortunately, at this point, the plaintiff's request is premature and, as

such, for the reasons that follow, the Motion is **DENIED without prejudice**.

### BACKGROUND

The plaintiff initiated this action by filing a pro se complaint on January 27, 2026. ECF

No. 1. He was ordered to amend his complaint, ECF No. 3, and did so on April 10, 2026. ECF

No. 7. As a result, the amended complaint is the operative pleading. *Id*. However, the court

dismissed certain claims and defendants, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, as part of its initial review. *See* ECF Nos. 15, 18. The plaintiff brings this 42 U.S.C. § 1983 action against the defendants for alleged deliberate indifference to serious medical needs, and he also brings a failure-to-accommodate claim under the Americans with Disabilities Act. ECF No. 7. In short, the plaintiff alleges that while he was housed at the Sterling Correctional Facility and a later intensive residential treatment program, there was a 22-month delay in access to specialty medical care that was required due to deteriorating discs in his lower back. ECF No. 7 at 8–9, 13. With regard to defendant Kautz, he alleges that she ordered a lumbar MRI on June 5, 2025, and then suppressed the MRI results for 133 days without any referral, specialist evaluation, or follow-up. *Id*. at 13–14. The complaint also alleges that the Denver Community Corrections Board placed plaintiff, who uses a walker, into a two-story facility with no elevator where the intensive residential treatment program he was required to attend daily was located on the second floor, making participation impossible. *Id*. at 10-11, 17-18.

## ANALYSIS

Unlike criminal defendants, civil claimants do not have a Sixth Amendment right to appointed counsel. *Fischer v. Dunning*, 574 F. App'x 828, 832 (10th Cir. 2014). Moreover, a district court cannot appoint pro bono counsel; instead, it can only ask an attorney to take the case. *Moaz v. Denver Int'l Airport*, 747 F. App'x 708, 711 (10th Cir. 2018) (unpublished) (citing *Rachel v. Troutt*, 820 F.3d 390, 396–97 (10th Cir. 2016)). In deciding whether to request counsel for a civil litigant, a court evaluates "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004); *accord* D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) (reiterating factors and adding (1) the demonstrated

2

inability of the unrepresented party to retain an attorney by other means and (2) the degree to which the interests of justice, including the benefits to the court, will be served by appointment of counsel). A further consideration is whether there exist any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the pro se plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115.

At this stage, the plaintiff's asserted reasons for appointment fall short of carrying that burden. This case is still in its very early stages — the defendants have not yet been served and the Court has not held a status conference. *See Diaz v. USI Ins. Servs.*, No. 18-cv-03280-NYW, 2019 WL 13444833, at *2 (D. Colo. Mar. 8, 2019). The plaintiff notes that he has "sought to retain private counsel and was unable to secure representation." ECF No. 26 at 2. To be sure, "having counsel appointed would . . . assist[ ] him in presenting his strongest possible case," but "the same could be said in any case." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). Indeed, there is no right to counsel in civil cases. *See Jones v. Pizza Hut, Inc.*, No. 10-cv-00442-WYD-KMT, 2010 WL 1268048, at *1 (D. Colo. Mar. 30, 2010) ("Unlike a criminal defendant, a plaintiff in a civil case has no constitutional or statutory right to appointed counsel."); *see also Vasquez v. U.S. Off. of Pers. Mgmt.*, 847 F. Supp. 848, 849 (D. Colo. 1994) ("There is no constitutional right to counsel simply because a litigant is indigent."). In support of the Motion, the plaintiff states that his case "presents legal questions of substantial complexity." ECF No. 26 at 1. While there is little reason to doubt the general difficulty of handling a federal lawsuit, the actual subject matter of the plaintiff's amended complaint is not amongst the most complex that

3

find their way into federal court. Moreover, the plaintiff's filings demonstrate his ability to navigate this litigation. For example, the plaintiff was ordered to amend his complaint and did so successfully, resulting in this case moving forward. Finally, with regard to the merits of the claims, while the plaintiff is correct that certain claims "survived screening and were drawn" to the undersigned, ECF No. 26 at 2, that does not necessarily mean those claims are meritorious. The merit of the claims will be tested after the defendants are served and have appeared.

In sum, this case is at an early stage, it is not overly complex from a reading of the amended complaint, and it is yet unclear how meritorious the plaintiff's claims are. Should the plaintiff's circumstances materially change, the plaintiff may renew his request for appointment of counsel at a later date. *See McCullon v. Parry*, No. 18-cv-00469-NYW, 2019 WL 4645436, at *5 (D. Colo. Sept. 24, 2019) (appointing pro bono counsel under the factors of D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) "given that this matter is now moving to trial").

## CONCLUSION

For the foregoing reasons, the plaintiff's Motion for Appointment of Counsel, ECF No. 26, is **DENIED without prejudice**.

Entered and dated this 18th day of June 2026, at Denver, Colorado.

BY THE COURT:

_____

Cyrus Y. Chung
United States Magistrate Judge